(No. 90-CC-0919–

DALE PETERS, Special Administrator of the Estate of ROBERT D. PETERS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed August 25, 1994.*

*Order on petition for rehearing filed January 13, 1995.*

FISCHEL & KAHN (DAVID W. INLANDER, of counsel), for Claimant.

JIM RYAN, Attorney General (PATRICK BREEN, Assistant Attorney General, of counsel), for Respondent.

## ORDER

JANN, J.

This cause comes on to be heard on the motion of Respondent to dismiss, due notice having been given and the Court being fully advised in the premises finds:

Claimants allege Respondents breached a duty owed Claimant's decedent, a minor child, by returning him to

his mother's home where he was abused and eventually murdered by his mother's boyfriend. Claimants further allege willful and wanton conduct by Respondents in failing to investigate the abuse of decedent, failing to remove decedent from his mother's home, failing to inform proper authorities of the abuse, denying knowledge of the abuse, acting in a manner to impede an investigation of the abuse and failing to fully cooperate in the investigation.

Respondent cites *MidAmerica Trust v. Moffatt* (1987), 511 N.E.2d 964, 158 Ill. App. 3d 372 (5th Dist.) in support of its motion. A review of *Moffatt* indicates that the facts of this case are virtually identical. The *Moffatt* court dismissed the case finding no breach of duty by the caseworker and that no duty of care was owed the child by the caseworker. It held that the mother was responsible for the care and protection of her child. 511 N.E.2d 964 at 970, 971.

*Moffatt* further held that the claimed injuries were not proximately caused by any negligence of the caseworker, but by the mother's breach of parental duty.

We find *Moffatt's* reasoning fully applicable to the case at bar and hereby grant Respondent's motion to dismiss.

## ORDER

JANN, J.

This cause comes on to be heard on Claimant's petition for rehearing. The Court having reviewed the record and being fully advised in the premises finds:

(1) Claimant misrepresents the Court's finding, asserting that duty arises only to children in its custody and makes conclusions not supported by the evidence in its arguments for rehearing.

(2) Claimant presents no case law to support its position.

(3) Claimant asserts that *MidAmerica Trust v. Moffatt* (1987), 158 Ill. App. 3d 372, 511 N.E.2d 964 (5th Dist.) presents a distinguishable precedent as the child was allegedly returned to his mother's home after a judicial determination as to the mother's fitness. The asserted determination is *not* clear and is specifically referenced as such in *Moffatt*.

(4) Claimant's decedent's death was caused by a third party. No duty has been established which could impute liability to DCFS or its caseworker. The imposition of duty Claimant asserts would hold DCFS to an impossible standard. The caseworker who saw decedent once would become liable for his eventual murder by a third party.

Claimant's petition is hereby denied.